No. 5091.

(Court of Appeal, Parish of Orleans.)

## MRS. MARY KING (Wife of Wm. J. Kane) vs. MISS MARGARET A. HACKET.

J. P. Sullivan and A. Landry for plaintiff and appellee.

S. F. Gautier for defendant and appellant.

DUFOUR, J.—Defendant's authors were the owners of Lots 23 and 24, in a certain square of ground in this city; on Lot 23 and part of Lot 24 was subsequently built a double cottage designated by the municipal numbers 2208 and 2210 Gravier Street, showing an alley on each side, and on the rest of the Lot 24 was also built a single cottage, designated by the municipal number 2206 Gravier Street.

In November, 1908, the property was sold by them at public auction to effect a partition, and the plaintiff purchased the double cottage.

The advertisement of sale gave no dimensions of the property, but described it merely as "double cottage Nos. 2208-10 Gravier Street," the plan showed at the auction mart, at the time of the sale, gave no dimensions, but showed the front of the cottage with an alley on each side and the municipal numbers designated and an extension of said front to the rear between parallel lines.

In confirmation of the adjudication a notarial act of sale was prepared; it purported to transfer to plaintiff Lot 23, measuring 29 feet 10 inches front on Gravier Street, and the effect of the deed, if acquiesced in, would have been to deprive plaintiff of one of the alleys, and of that part of the house he had purchased, which rested on Lot 24.

By a survey made after delivery of the property, plaintiff ascertained that the ground covered by the house, and the two alleys purchased by her according to the plan and

advertisement actually measured 35 feet 5 inches front on Gravier Street, by 120 feet in depth.

The present suit against all parties in interest seeks to have it decreed that the plaintiff acquired by the adjudication all the ground covered by the double cottage and alleys on Lots 23 and 24 both as determined by the survey.

The contention is correct; the rights of the parties are fixed by the adjudication and not by the notarial act of sale subsequently passed in confirmation of the adjudication.

No measurements being given and no special lot mentioned, the extent of the purchase must be determined according to the visual and concrete designation afforded by the municipal numbers given and the reproduction on the plan of the physical objects themselves.

According to this and the advertisement the thing purchased was the double cottage and alleys designated by certain municipal numbers. As was said by us in **Harral vs. Lyons, 5 Ct. of App. 315,** the property "was sold as a house * * *a descriptive physical monument, equivalent to the metes and bounds."

The offset of three feet five inches in the rear should be rectified so as to conform to the apparently straight and parallel lines on the plan; in declaring this to be an encroachment, we are not expressing any opinion as to what views might be taken if the offset did not extend beyond a few lines or inches.

The objections to testimony were properly overruled; there is no attempt here to contradict the act of sale, the sole purpose of the suit being to correct the erroneous recitals of the deed so as to make it conform with the adjudication.

The judgment in favor of plaintiff is correct.

Judgment affirmed.